UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ECURE INDIANA CORP. , | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED HEALTHCARE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff ECURE INDIANA CORP., by counsel, for its Complaint and Jury Demand against Defendant United Healthcare Insurance Company, states as follows:

### THE PARTIES

1.      Plaintiff ECURE INDIANA CORP. is a corporation organized in the State of Indiana with its principal place of business in California.

2.      Defendant United Healthcare Insurance Company ("UHC") is a Connecticut corporation with its principal place of business in Connecticut.

### JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. § 1332.

4.      Complete diversity exists between the parties in that they are citizens of different states.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     This Court has personal jurisdiction over UHC by service of Summons on UHC's designated agent for service of process listed with the Indiana Secretary of State.

7.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 94 (b) and 1391 in that a substantial part of the transactions and issues giving rise to ECURE's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

8.     For many years, the St. Vincent Emergency Physicians, Inc. practice group (the "SVE Physicians") rendered lifesaving healthcare services to members of Defendant's health care service plan, on an emergency basis, at numerous locations throughout Indiana. During that time, the SVE Physicians set their own reasonable charges for the care that they provided.  UHC failed to pay the SVE Physicians a fair or reasonable amount for the emergency room services that they dutifully rendered to UHC's members and insureds.  ECURE has since purchased these accounts from the SVE Physicians and has been assigned both those accounts and the right to sue thereupon.

9.     Physicians and healthcare providers can, but are not obligated to, enter into formal contractual arrangements with health care service plans, insurers, and other payors. Under such formal contracts, the provider agrees to accept less than what it bills for services provided to patients in exchange for the various benefits of being contracted.

10.     These benefits include, among others, a greater volume of members from contracted plans, which in the context of scheduled or elective care are often "steered" to "in-network" providers (meaning providers who have such formal contracts with the plans). Patients who choose in-network providers are better able control their out-of-pocket expenses. Contracted providers can also better predict the needs and volume of patients, and coordinate more closely with plans with respect to patient care.

11.     None of these benefits are present where the two sides have not agreed to enter into a formal agreement. In the "out-of-network" scenario, providers do not receive any of the benefits described. They therefore have no reason to accept less than their full charges for healthcare services rendered. When a health plan declines to pay an out-of-network physician's full charges, the physician is entitled to seek payment of his or her full bill.

12.     In this case, the SVE Physicians did not have written contracts with UHC for the applicable period. UHC must therefore pay Plaintiff for emergency services based on the reasonable and customary value for the services at issue, which may be up to the full billed charges.

13.     ECURE has purchased the reimbursement claims at issue from the SVE Physicians and has the necessary rights and ability to sue to recover the full billed charges, or in the alternative, the reasonable and customary value for the SVE Physician services at issue. Accordingly, Defendant is liable to ECURE on the theories set forth below in the total amount of $15,109,110.00, plus interest.

14.     ECURE will provide a full list of the underpaid claims to Defendant upon request. Such list has not been included with this Complaint in order to avoid the unnecessary disclosure of Protected Health Information (PHI) under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

## COUNT I

## UNJUST ENRICHMENT / QUANTUM MERUIT

15.     ECURE incorporates by reference all allegations set forth above as though set forth in full herein.

16.     Federal law requires physicians to render emergency services to all patients who present at the emergency department (ED) regardless of insurance coverage or ability to pay. *See* 42 U.S.C. § 1395dd ("EMTALA").

17.     The SVE Physicians provided a benefit to UHC by providing emergency treatment to UHC health plan members under EMTALA.  Both by law and under the terms of UHC's health care contracts and/or insurance policies with its members, UHC was obligated to provide those members with lifesaving care in the event of an emergency.  Moreover, UHC was required to cover emergency care without first requiring prior authorization.  42 U.S.C. §300gg-19a; *id*. §300gg-111(a).

18.     Restatement of Restitution (1937) Section 114, titled "Performance of Another's Duty to a Third Person in an Emergency," states, "[a] person who has performed the duty of another by supplying a third person with necessaries, although acting without the other's knowledge or consent, is entitled to restitution from the other therefore if: he acted unofficiously and with intent to charge therefor, and the things or services supplied were immediately necessary to prevent serious bodily harm to or suffering by such person."

19.     SVE Physicians rendered care to numerous UHC members during the relevant time period at issue.  UHC paid the SVE Physicians less that the SVE Physicians billed and less than the reasonable and customary value for the services at issue.

20.     UHC has been unjustly enriched by underpaying the amounts owed to the SVE Physicians.

21.     ECURE is entitled to restitution from UHC for the amount by which UHC has been unjustly enriched by underpaying the SVE Physicians.  The SVE Physicians did not have a written

contract with UHC during the time period at issue.  Neither they, nor by extension, ECURE, have an adequate remedy at law to remedy the harms they have suffered.

WHEREFORE, ECURE INDIANA CORP., by counsel, respectfully requests the Court enter judgment in its favor and against Defendant United Healthcare Insurance Company in an amount to be proven at trial, plus interest, the costs of this action, and all other appropriate relief.

**COUNT II**

**SUIT ON ACCOUNT**

22.    ECURE incorporates by reference all allegations set forth above as though set forth in full herein.

23.    For years, the SVE Physicians provided emergency services to health plan members assigned to UHC. Thereafter, the SVE Physicians submitted bills for reimbursement to UHC.

24.    UHC usually paid part of each account, but typically less than the full amount.

25.     The written documentation maintained and exchanged by the parties reflect the accounts at issue.  This documentation includes the bills submitted by the SVE Physicians on industry-standard HCFA-1500 claim forms; itemized bills for all goods and services furnished to UHC patients; a copy of which are maintained in various electronic health record systems; written authorizations issued by UHC; and written correspondence acknowledging the receipt of the SVE Physicians' claims.

26.    UHC failed to pay the SVE Physicians on the accounts, which have since been assigned to ECURE.

27.    Accordingly, UHC is indebted to the SVE Physicians, and thus to ECURE, on accounts to be proven at trial minus amounts already paid, plus interest.

WHEREFORE, ECURE, LLC, by counsel, respectfully requests the Court enter judgment in its favor and against Defendant United Healthcare Insurance Company in an amount to be proven at trial, plus interest, the costs of this action, and all other appropriate relief.

Respectfully submitted,

LEEUW OBERLIES & CAMPBELL, P.C.

By: ___*/s/ John M. Mead*_____
 John M. Mead    (#17459-49)
ATTORNEY FOR PLAINTIFF ECURE INDIANA CORP.

John M. Mead
LEEUW OBERLIES & CAMPBELL, P.C.
320 North Meridian Street, Suite 1006
Indianapolis, IN 46204
Phone: (317) 684-6960
Email: jmead@indylegal.net

### DEMAND FOR JURY TRIAL

Plaintiff ECURE INDIANA CORP., by counsel, respectfully demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

LEEUW OBERLIES & CAMPBELL, P.C.

By: ___*/s/ John M. Mead*_____
 John M. Mead    (#17459-49)
ATTORNEY FOR PLAINTIFF ECURE INDIANA CORP.

John M. Mead
LEEUW OBERLIES & CAMPBELL, P.C.
320 North Meridian Street, Suite 1006
Indianapolis, IN 46204
Phone: (317) 684-6960
Email: jmead@indylegal.net