UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ECURE INDIANA CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-01500-TWP-MG |
| UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant United Healthcare Insurance Company ("United") (Filing No. 20). Plaintiff ECure Indiana Corp. ("ECure") initiated this lawsuit asserting claims for unjust enrichment/quantum meruit and suit on account against United, seeking to recover amounts allegedly owed by United for medical services rendered to its insureds (Filing No. 1). For the following reasons, the Court **grants in part and denies in part** United's Motion.

### I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of ECure as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The facts of this case are relatively simple. For several years, the St. Vincent Emergency Physicians, Inc. practice group ("Physicians") provided emergency, lifesaving medical services to members of United's health care service plan (Filing No. 1 at ¶ 8). At the time, the Physicians

were "out-of-network" providers, meaning that they had no formal contractual arrangement with United regarding their services or the reimbursement rate for their services. *Id.* at ¶¶ 8, 12. Whereas "in-network" providers, who contract with an insurer, typically agree to accept discounted reimbursements in exchange for certain benefits, "out-of-network" providers like the Physicians are not required to charge or accept a discounted amount. *Id.* at ¶¶ 9–11. The Physicians therefore billed United their full reasonable and customary rates for the services provided to United's insureds. *Id.* at ¶¶ 11–12. United reimbursed the Physicians for only a portion of the amounts billed. *Id.* at ¶¶ 12, 19. ECure subsequently purchased the reimbursement claims and was assigned the rights to sue on those claims. *Id.* at ¶¶ 8, 26.

On July 28, 2022, ECure filed its Complaint against United, seeking to recover the unpaid balance of the reimbursement claims under theories of quantum meruit/unjust enrichment[1] and suit on account (Filing No. 1). On October 6, 2022, United filed the instant Motion to Dismiss (Filing No. 20). The Motion is now ripe for the Court's review.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

---

[1] The Indiana Supreme Court has explained that "unjust enrichment" is also referred to as "quantum meruit." *Reed v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012); *see Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991) ("Plaintiffs' sole common law claim is unjust enrichment, also referred to as quantum meruit, contract implied-in-law, constructive contract, or quasi-contract."). The Indiana Court of Appeals recently opined that the two theories are distinct, particularly as to the appropriate measure of damages, *Lash v. Kreigh*, 202 N.E.3d 1098, 1002–03 (Ind. Ct. App. 2023), but because the Indiana Supreme Court refers to these two theories interchangeably, this Court will also. For the sake of conciseness, the Court will refer to both theories of recovery as "unjust enrichment."

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support."). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

United asserts three grounds for dismissing this action: ECure's Complaint fails to adequately plead a claim for relief under Federal Rule of Civil Procedure 8(a); ECure fails to allege all necessary elements of its unjust enrichment claim; and ECure fails to allege the existence of an account needed to assert a suit on account. The Court will address each argument in turn.

A.   **ECure Has Adequately Pleaded a Claim for Relief under Rule 8(a).**

United argues that ECure's claims should be dismissed because the Complaint "consist[s] of nothing more than unsupported legal conclusions couched as factual allegations and 'formulaic recitation[s] of the elements of a cause of action'". (Filing No. 21 at 4–5.) United more specifically complains that the Complaint is deficient in three respects.

3

First, United argues that ECure has not identified a "cognizable theory of relief" or asserted sufficient allegations substantiating a claim for relief. *Id*. at 5. ECure responds that it has identified two theories of relief—unjust enrichment and suit on account—and that it has alleged facts adequately supporting relief under both theories. For the reasons discussed in more detail below, ECure has sufficiently alleged facts supporting its unjust enrichment claim. On reply, United cites several federal and state laws and argues that "there is no Indiana law or precedent obligating United to pay the physicians' unilaterally set billed charges (which it characterizes as a 'reasonable and customary' value)." (Filing No. 28 at 7.) United forgets that ECure's claims sound in equity, not statute, and United mischaracterizes ECure's claims. ECure does not allege that United must pay the billed amounts simply because the Physicians billed those amounts. ECure alleges that the billed amounts represent the reasonable value of the Physicians' services, and that United has unjustly refused to pay the entire reasonable value of those services. If United wants to dispute the "reasonable" value of the Physicians' services, it may do so at summary judgment or at trial. At this stage, the Court must accept as true the allegation that the billed amounts reflect the reasonable value of the Physicians' services.

Second, United argues ECure "fails to allege why the amounts United has already paid are insufficient". (Filing No. 21 at 6.) This argument is similarly unpersuasive. ECure's Complaint alleges that the amount the Physicians billed United reflects the reasonable value of their services, so it would be unjust for United to pay a lesser amount (Filing No. 27 at 12 ("Plaintiff seeks to recover the reasonable and customary value of the emergency services rendered by the SVE Physicians, which it believes to be equal to the amount of the charges billed.")).

Third, United argues ECure has failed to establish standing. The Complaint alleges that ECure "purchased [the] accounts from the SVE Physicians and has been assigned both those

4

accounts and the right to sue thereupon." (Filing No. 1 at ¶ 8.) United contends this allegation fails to allege "the underlying assignment of rights necessary to bring claims based on United's health benefits contracts with its members." (Filing No. 21 at 6–7.) But ECure's claims are based in equity, not contract, so ECure was not required to plead a right to sue under United's health benefits contracts. "At the pleading stage a plaintiff need only allege, not prove, facts establishing standing." *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 642 (7th Cir. 2015) (citing *United States v. $196,969 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992))). ECure's factual allegation that it purchased the Physicians' claims and was assigned their rights is sufficient to establish standing.

**B.      ECure Has Sufficiently Alleged the Elements of Unjust Enrichment.**

United next argues that ECure has failed to adequately plead the elements of a claim for unjust enrichment. Under Indiana law, a plaintiff alleging unjust enrichment must show: (1) a benefit conferred upon another at the express or implied request of the other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment. *Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). United argues that ECure has not satisfied the first element because it has not alleged a benefit conferred on United. United also argues that ECure has not alleged any wrong committed by United or any "extraordinary circumstances" entitling ECure to equitable relief.

**1.      Benefit Received**

ECure's Complaint alleges that the Physicians conferred a benefit on United by providing emergency medical services to United's insureds. United contends that the emergency services benefitted only United's insureds, and not United itself. (Filing No. 21 at 8.) United cites several cases from various jurisdictions in which courts held that medical services rendered to insureds do not confer a benefit on the insurer. *Id*. at 8–9 (citing cases from district courts in New York, New

5

Jersey, and Texas). In response, ECure argues that the benefit at issue is not the emergency medical services *per se*; it is the performance of United's duty to provide those medical services. The Complaint alleges that United is obligated "[b]oth by law and under the terms of [United's] health care contracts and/or insurance policies with its members . . . to provide those members with lifesaving care in the event of an emergency." (Filing No. 1 at ¶ 17.) ECure contends it rendered a benefit to United by discharging this contractual and statutory duty. ECure, like United, cites several cases from across the country supporting its position that healthcare providers do confer a benefit on insurers by providing medical services to their insureds. (Filing No. 27 at 15–17 (citing cases from the Third Circuit Court of Appeals and district courts in New York, Texas, California, Nevada, Pennsylvania, and Florida).) It appears that this issue is one of first impression in the state of Indiana and in the Seventh Circuit.

On reply, United recognizes the split of persuasive authority on this issue but argues that the "context" of this case warrants the adoption of United's authority and the rejection of ECure's. (Filing No. 28 at 13.) First, United notes that the "issue alleged in the Complaint is not whether the non-party physicians who rendered the services were entitled to receive some payment . . . but rather whether it would be 'unjust' if Plaintiff is not paid 'reasonable and customary' value for those services…." *Id*. Indiana courts regularly measure damages for unjust enrichment using the "reasonable" value of the services rendered, and a claim for unjust enrichment may undoubtedly be based on the failure to pay a plaintiff less than that reasonable value. *See, e.g.*, *Lash v. Kreigh*, 202 N.E.3d 1098, 1103 (Ind. Ct. App. 2023) ("'Quantum meruit . . . is a claim or right of action for the reasonable value of services rendered . . . .'" (quoting 66 Am. Jur. 2d Restitution and Implied Contracts § 35)). The Physicians' "customary" charges may be relevant in determining the

6

reasonable value of the Physicians' services, and thus ECure's damages, but in any event, the mere use of the term "customary" in ECure's Complaint is not fatal to its claims.

Next, United notes that the Complaint does not allege that United "failed to pay the amounts due under the terms of the insurance policies," "failed to pay claims consistent with Indiana's statutory scheme covering payments for healthcare services," or "asked the treating physicians to render services or that it had an agreement to pay any particular amount for the services provided." (Filing No. 28 at 8.) These considerations have little probative value because ECure's claim sounds in equity, not contract or statute, and it is based on a quasi-contract (or contract "implied-in-law"), not an express contract. Further, while these considerations might help the Court decide which cited authority is most analogous, it is not helpful in deciding whether, as a matter of Indiana law, the provision of medical services to insureds renders a benefit to insurers.

Additionally, potential factual disputes raised by United convince the Court that it would be premature to resolve the split of authority at this time. For instance, United notes that ECure's Complaint does not specify whether United is a "health maintenance organization" ("HMO") or an "insurance company". United argues that certain cases cited by ECure pertain to only HMOs and other "managed care organizations," and that certain Indiana statutes apply to only HMOs. *Id*. at 8–9. Whether United is an HMO might therefore bear heavily on this Court's analysis of the "benefit" issue. As United also points out, the terms of its health care services contracts might also affect the Court's conclusion. At the pleadings stage, the Court cannot consider or resolve these potential factual disputes. This Court agrees with the Middle District of Florida, which addressed this same issue, that "it is not necessary at this stage of the litigation to allege more than what [ECure] has already alleged—that it provided services that allegedly conferred a benefit, it was not paid the entire balance due for the services, and that it would be inequitable for [United] to not

7

be paid for the services rendered." *Surgery Ctr. of Viera, LLC v. Cigna Health & Life Ins. Co.*, No. 19-cv-2110, 2020 WL 686026, at *8 (M.D. Fla. 11, 2020). ECure "should enjoy the benefit of discovery on its claims before the Court steps in." *Surgery Ctr. Of Viera, LLC v. UnitedHealthcare Ins. Co.*, No. 22-cv-793, 2023 WL 2078554, at *4 (M.D. Fla. Feb. 17, 2023).

### 2. Alleged Wrong and Extraordinary Circumstances

United also argues ECure's unjust enrichment claim should be dismissed because ECure has not alleged facts demonstrating a wrong committed by United or any "extraordinary circumstances" entitling it to the remedy of unjust enrichment. (Filing No. 21 at 9-10.)

United asserts that ECure's Complaint "does not contain any facts demonstrating an 'actual wrong' or 'misleading conduct' by United" and alleges only that "the Physicians should have been paid more." *Id.* at 9. United appears to be arguing that the Physicians were not entitled to the reasonable value of their services, and that United could pay the Physicians some lesser amount, unilaterally set by United, without consequence. United is incorrect. United's underpayment *is* the "actual wrong" alleged by ECure. To the extent United disputes that the amount billed was the reasonable value of the Physicians' services, that dispute must be resolved at summary judgment or trial.

United also faults ECure for "fail[ing] to identify a single Indiana case, statute or regulation supporting the contention that the Physicians should have been paid more." *Id.* at 9. The Court again disagrees. By alleging that United was unjustly enriched by underpaying the Physicians, ECure has satisfied Rule 8(a). At the pleadings stage, and as the non-movant, ECure is not required to cite any additional legal authority. *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) ("A plaintiff is not required to plead legal theories in his complaint."); *see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("[E]very circuit court to address this issue—this Court included— has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal.").

United next argues that ECure has failed to allege "the 'extraordinary' circumstances required to plead an unjust enrichment claim." (Filing No. 21 at 10.) Unjust enrichment claims, like other equitable claims, are "extraordinary" because they require courts to "construct[] an imaginary agreement (an 'implied' contract)" to avoid a violation of "the fundamental principles of justice, equity, and good conscience." *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 686 (7th Cir. 2013) (Wood, J., concurring in part). United cites no caselaw indicating that an insurer's alleged failure to pay physicians fifteen million dollars' worth of emergency medical services would not justify the use of this "extraordinary" equitable remedy. ECure, however, cites several cases in which Indiana state courts have held that unjust enrichment was an appropriate remedy under far more routine, ordinary circumstances (Filing No. 27 at 19); *see, e.g.*, *Kelly v. Levandoski*, 825 N.E.2d 850, 855 (Ind. Ct. App. 2005) (denying defendant's motion for summary judgment on unjust enrichment claim seeking $18,827.00 in towing and vehicle storage fees); *Biggerstaff v. Vanderburgh Humane Soc., Inc.*, 453 N.E.2d 363, 363 (Ind. Ct. App. 1983) (affirming judgment in favor of humane society on unjust enrichment claim seeking $1,832.00 in fees for animal care).

United relies heavily on *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112 (S.D. Ind. 2011), in which this Court held that the plaintiffs failed to allege "extraordinary circumstances" warranting unjust enrichment. But as ECure argues, *Hughes* is readily distinguishable from this case. In *Hughes*, the plaintiffs sued Chattem, Inc., regarding their advertising and sale of the weight-loss drug Dexatrim. The plaintiffs purchased Dexatrim several times before a report revealed that Dexatrim contains hexavalent chromium. *Id.* at 1115. In addition to asserting claims for violation of the Indiana Deceptive Consumer Sales Act, breach of implied warranty of merchantability, and intentional misrepresentation, the *Hughes* plaintiffs sought to impose a constructive trust over Chattem's profits received from the sale of Dexatrim under an unjust

9

enrichment theory. The *Hughes* court concluded that the plaintiffs' theory of unjust enrichment was too tenuous to be sustainable. *Id.* at 1125 (stating plaintiffs had failed to allege "extraordinary circumstances, *much less that they did not receive the benefit of their bargain*" (emphasis added)). "Essentially, the plaintiffs' claim was inappropriate because it was entirely rooted in the fact that they were ultimately 'dissatisfied' with their purchase." (Filing No. 27 at 19); *see, e.g., Armstrong v. Deere & Co.*, No. 16-cv-844, 2017 WL 4168485, at *9 (S.D. Ind. Sept. 20, 2017) (declining to apply *Hughes* because plaintiff did not "simply 'gr[o]w dissatisfied with the goods," and instead received allegedly defective products from defendant "that resulted in extraordinary loss of yield and profits"); *In re: Elk Cross Timbers Decking Mktg.*, No. 15-18, 2015 WL 6467730, at *35 (D.N.J. Oct. 26, 2015) (interpreting *Hughes* as holding that "a plaintiff must plead some wrong beyond simple dissatisfaction with the product" to plead unjust enrichment under Indiana law).

In this case, ECure alleges that the Physicians never received the benefit of their bargain because they were never paid the full reasonable value of their services. These allegations concisely yet adequately allege circumstances warranting equitable relief. United's Motion to Dismiss is **denied** as to Count I.

C.     **ECure Has Not Sufficiently Alleged a Suit on Account.**

As to Count II, United argues that ECure fails to plead the existence of an agreed-upon account, which is a necessary element of a claim for account stated (Filing No. 21 at 9). United's arguments are well taken, as this litigation centers on a dispute about the balance of the Physicians' accounts. *See MHC Surgical Ctr. Assocs., Inc. v. State Off. of Medicaid Policy & Planning*, 699 N.E.2d 306, 309 (Ind. Ct. App. 1998) (defining an "account stated" as "an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied to pay the balance").

In its response, ECure clarifies that Count II is a claim on an open account, not a claim for account stated. ([Filing No. 27 at 20](#).) "An open account is one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings." *Building Sys., Inc. v. Rochester Metal Prods., Inc.*, 340 N.E.2d 791, 794 (Ind. Ct. App. 1976). On reply, United argues that ECure's suit on open account fails because "there are zero allegations in the Complaint that either party had 'an expectation of further dealings' or that the claims as reimbursed by United were 'subject to future settlement and adjustment.'" ([Filing No. 28 at 21](#).)

The Court agrees with United. The accounts at issue were purchased by and assigned to ECure, which has no direct dealings with United. The Court fails to see how either ECure, or even the Physicians, would have a plausible expectation of future dealings with United as to those accounts. Further, although ECure alleges that those providers had "accounts" with United, there are no allegations indicating that those accounts were "subject to future settlement and adjustment." To the contrary, this litigation ensued because United has refused to make any further settlements or adjustments.

Even when drawing all reasonable inferences in ECure's favor, the Complaint does not plausibly allege a suit on an open account and therefore must be dismissed. United's Motion is **granted** as to Count II.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** United's Motion to Dismiss ([Filing No. 20](#)). United's Motion is **denied** as to Count I and **granted** as to

Count II. Count II is **dismissed without prejudice**.[2] ECure is granted leave of **fourteen (14) days** from the date of this Order to file an amended complaint concerning Count II if such filing would not be futile. If nothing is filed by that date, this matter will proceed to settlement conference or trial, as to only Count I.

    **SO ORDERED**.

Date: 5/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Avi William Rutschman
ATHENE LAW
avi@athenelaw.com

Eric D. Chan
ATHENE LAW, LLP
eric@athenelaw.com

John M. Mead
CLARK QUINN MOSES SCOTT & GRAHN, LLP
jmead@clarkquinnlaw.com

Ashleigh Kaspari
CROWELL & MORING LLP
akaspari@crowell.com

Marlee Santos
CROWELL & MORING LLP
msantos@crowell.com

Nathanial J. Wood
CROWELL & MORING LLP
nwood@crowell.com

---

[2] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed . . . [unless] amendment would be futile or otherwise unwarranted." *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519, 520 (7th Cir. 2015).