UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ECURE INDIANA CORP.,

          Plaintiff,

v.                      No. 1:22-cv-01500-TWP-MG

UNITED HEALTHCARE INSURANCE
COMPANY,

          Defendant.

## ORDER

Now pending before the Court and ripe for a decision is Defendant United Healthcare Insurance Company's Motion to Stay Discovery, [Filing No. 58]. Plaintiff opposes the proposed stay, [Filing No. 64], and Defendants have replied to Plaintiffs' arguments, [Filing No. 66].

## I.
### LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). To satisfy this burden, the "movant must show that good cause exists for the stay" of discovery. *Id.* The Court evaluates three factors to determine if good cause exists: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not the issues will be simplified ...; and [3] whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

"Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019) (alternation and internal quotation marks omitted) (denying stay and noting that under Fed. R. Civ. P. 1, the Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding").

## II.
### DISCUSSION

Defendant asks the Court to stay discovery until the Court rules on its pending motion to dismiss, or in the alternative, compel arbitration, which it filed on August 3, 2023, and which is now fully briefed. [Filing No. 58 at 1 (citing Filing No. 49).] Even though the Court approved a Case Management Plan back in October 2022, and the parties have been engaged in discovery for many months, Defendant argues that a stay of all discovery is nonetheless appropriate at this time because Plaintiff has issued very broad discovery requests, and Defendant's claim investigation process is still ongoing to respond to these requests. [Filing No. 58 at 3-4.] Defendants say that Plaintiffs will not be prejudiced or disadvantaged by stay, arguing their motion would "potentially dispose of the entire case" due to lack of standing, or alternatively, that the matter will be sent to arbitration. [Filing No. 58 at 6.] Further, if the motion is granted, they argue that discovery will be unnecessary and a stay would avoid any unnecessary discovery conflicts, promoting efficiency from undue burden and expense for the Court and the parties. [Filing No. 58 at 6.-7.] And, even if the motion to dismiss were denied, the parties can engage in discovery at that time, as trial is scheduled for October 2024. [Filing No. 58 at 6.] Defendant then suggests that continued merits

discovery will have no bearing on the issues raised in its motion to dismiss, nor has Plaintiff demonstrated the need for discovery to respond to the motion. [Filing No. 58 at 6.] Lastly, Defendant argues that the case implicates privacy interests of non-parties and given its concerns about standing raised in its motion to dismiss, it believes that Plaintiff should not be permitted to obtain this confidential information at this time. [Filing No. 58 at 7.]

Plaintiff opposes Defendants' proposed stay. [Filing No. 64.] It reiterates that Defendant failed to engage in meaningful meet and confers prior to bringing its motion to stay and waited to file their request to stay discovery until eight months after the parties had finalized a case management plan, and after thirteen months into this action. [Filing No. 64 at 12-14.] They further argue that Defendant could have moved to stay last October when it first challenged Plaintiff's standing, but by participating in the case management process, it has prejudiced Plaintiff's ability to continue the discovery process. [Filing No. 64 at 5.] More generally, Plaintiff argues that discovery stays are typically only appropriate when a motion to dismiss is anchored in dispositive threshold issues, unlike Defendant's 12(b)(1) motion, which raises a limited question of prudential standing. [Filing No. 64 at 5.] Furthermore, the burden of litigation will not be reduced because discovery has already begun, and if they are forced to cease discovery efforts underway only to restart them later, they will be prejudiced by those inefficiencies. [Filing No. 64 at 20-22.] Lastly, Plaintiff notes that the parties have entered a stipulated protective order governing the production and use of protected heath information, so any privacy interests at issue within the discovery are protected. [Filing No. 64 at 20-21.]

Defendants reply that even though discovery has been underway for some months, Plaintiff delayed providing the information needed for it to investigate whether it had any relevant contracts responsive to discovery requests, and therefore, Plaintiffs will not be prejudiced by a stay or

Defendant continuing to comb through the information. [Filing No. 66 at 1-2.] Defendant also argue that its Motion to Dismiss is "jurisdictional" because it challenges Plaintiff's standing to bring a lawsuit. [Filing No. 66 at 4.] Regardless of the standing issue, Defendant notes its alternative request for arbitration, which would similarly dismiss the case from this Court, and it would no longer have jurisdiction, which is another threshold issue meriting a stay. [Filing No. 66 at 5.] Regarding reducing the burden of litigation, Defendant notes that Plaintiff's discovery is broad and seeks a motion to compel, which should lean this Court toward a stay to preclude unnecessary discovery battles. [Filing No. 66 at 6.]

The Court reiterates that, in general, a stay of discovery is inappropriate simply because a motion to dismiss is pending. *See Red Barn Motors*, 2016 WL 1731328, at *3. Here, however, the issues raised in Defendant's Motion to Dismiss are "threshold issues" that typically warrant a stay of discovery. *See Hill-Rom Servs., Inc. v. Tellisense Med., LLC*, 2019 WL 10888458, at *2 (S.D. Ind. May 10, 2019). Furthermore, non-expert witness discovery is due January 2024, and expert witness discovery, damages discovery, and all remaining discovery are due in August 2024. [*See* Filing No. 33.] Discovery is underway at this juncture, and the parties have ample time remaining to complete discovery following a stay. And, as noted above, the Defendant's motion to dismiss is fully briefed and Plaintiff has not alleged that discovery is needed to complete or supplement any response.

While the present case presents a close question, the Court finds a brief stay of discovery is appropriate, and Plaintiff is not likely to be prejudiced in this instance.

## III.
### CONCLUSION

For the reasons stated above, Defendant's Motion to Stay Discovery, [58], is **GRANTED.** All pending discovery response deadlines are **STAYED** pending the resolution of Defendant's Motion to Dismiss, [49]**.**

Date: 9/6/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**